IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLEN PARHAM, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:14-CR-106-SCJ-LTW-3 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:17-CV-2803-SCJ-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to conspiring to commit bank fraud. (Docs. 32-1, 181.)[1]  The Court sentenced Movant to seventy-eight months' imprisonment, five years' supervised release, and restitution. (Doc. 135.)  Movant filed an appeal, but later dismissed it because he had waived his right to appeal. (Docs. 145, 191.)

In his plea agreement, Movant, to the maximum extent permitted by federal law,

voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court.

---

[1] All citations to the record are to 1:14-cr-106-SCJ-LTW.

AO 72A
(Rev.8/82)

(Doc. 32-1 at 16.)  Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding."  (*Id.* at 18.)

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his sentence and a brief in support of that motion.  (Docs. 198, 198-1.)  Movant claims that the Court erred at sentencing by not giving him a minor role adjustment pursuant to a new amendment to the U.S. Sentencing Guidelines (the "Guidelines") and that his lawyer, William D. Dillon, was ineffective for not arguing that the Court should have made that adjustment.  (*Id.*)  Movant contends that he was entitled to the minor role adjustment in the calculation of the Guidelines' advisory range of imprisonment. (Doc. 198-1 at 5-6.)

Movant recognizes that those claims may be barred because he waived his right to challenge his sentence or conviction under § 2255.  (*Id.*)  In an attempt to avoid the appeal waiver, Movant also claims that Dillon rendered ineffective assistance by not preserving his right to appeal.  (Docs. 198, 198-1.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" Movant's § 2255 motion and determine

2

whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings.

An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Generally, an appeal waiver does not bar a claim that a defendant pled guilty or agreed to the waiver because of ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x 970, 974 (11th Cir. 2007) (holding that appeal waiver did not bar § 2255 movant's claim that "explicitly challenge[d] the validity of his guilty plea" on the basis of ineffective assistance of counsel); *see also Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005)

---

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice, which this Report and Recommendation provides. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006).

AO 72A
(Rev.8/82)

(noting "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement," but finding it unnecessary to decide the issue).

As noted above, Movant attacks his appeal waiver as the product of ineffective assistance of counsel. (Doc. 198-1.) But his attack is vague and conclusory.

Movant claims that Dillon was ineffective "by not preserving [Movant']s right to appeal" and displayed "deficient performance causing [Movant] prejudice to the out come of his case." (*Id.* at 3-4.) Those are the only allegations, in Movant's § 2255 motion or his supporting brief, regarding Dillon's alleged ineffectiveness in connection with the appeal waiver or guilty plea. (Docs. 198, 198-1.) Movant discussed the law cited above – that an appeal waiver must be knowing and voluntary and that ineffective assistance in connection with a guilty plea may nullify a waiver – and cited a decision from the U.S. Court of Appeals for the Eighth Circuit for the proposition that plea "agreements that are entered into upon the advise [sic] of 'ineffective assistance' of counsel's undo [sic] coercion to get his client to agree to such a waiver of right" are not valid. (Doc. 198-1 at 3-5.)

4

But Movant did not provide any facts showing, or even suggesting, that Dillon coerced him into pleading guilty or to agreeing to the appeal waiver in his plea agreement. (*See* Docs. 198, 198-1.)  Movant did not provide any facts, at all, to support his claim that his appeal waiver is not valid because Dillon provided ineffective assistance.

Movant's conclusory assertion that his appeal waiver is not valid because of unspecified errors by his lawyer is refuted by his execution of the plea agreement and his sworn statements at the plea hearing.  At the beginning of the hearing, Movant acknowledged the written agreement and that he had signed it. (Doc. 181 at 4.)  The prosecutor then read the full text of the appeal waiver. (*Id.* at 12.)  The Court asked Movant if he agreed with the prosecutor's description of the plea agreement, and Movant replied "Yes." (*Id.* at 13.)

The Court then discussed the appeal waiver with Movant:

[THE COURT:] Do you also understand that under certain circumstances you . . . may have the right to appeal any sentence that I may impose?

[MOVANT:] Yes, sir.

[THE COURT:] Do you understand that as part of your plea agreement you are giving up your right to appeal your sentence unless there is an upward departure or upward variance from the guidelines or an appeal by the government?

5

[MOVANT:] Yes, sir.

[THE COURT:] Do you also understand you are giving up your right to collaterally attack your conviction and sentence in any post-conviction proceeding?

[MOVANT:] Yes, sir.

[THE COURT:] Has anyone used any force or threat of force to get you to give up your right to appeal your sentence and conviction?

[MOVANT]: No, sir.

[THE COURT:] Other than the plea agreement has anyone made a promise to you that caused you to give up your right to appeal your sentence or conviction?

[MOVANT]: No, sir.

[THE COURT:] Are you giving up your right to appeal freely and voluntarily?

[MOVANT]: Yes, sir.

(*Id.* at 18-19.)  Movant also told the Court that no one had made any promise, other than the plea agreement, to induce him to plead guilty and that no one had promised him a particular sentence.  (*Id.* at 13.)

Dillon told the Court that he had not made any promises to Movant about his sentence and was not aware of any agreements or promises, other than those contained

6

in the plea agreement, to induce Movant to plead guilty. (*Id.* at 15.) Movant did not contest Dillon's statements. In fact, Movant told the Court that he had sufficient time to think about and discuss the case with Dillon before pleading guilty and that he was satisfied with Dillon's representation. (*Id.* at 15-16.) The following exchange concluded the hearing:

> [THE COURT:] Is there anything the Court has said or any of the questions that I have asked you that you wish me to clarify?
>
> [MOVANT:] No.
>
> [THE COURT:] Is there anything that your attorney has said today you disagree with?
>
> [MOVANT:] No, sir.

(*Id.* at 22-23.)

When a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987), and those statements "constitute a formidable barrier in any subsequent collateral proceedings," *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant, under oath, specifically discussed with the Court the appeal waiver in his plea agreement. Movant unequivocally testified that he understood the appeal waiver, he voluntarily agreed to it of his own free will,

7

and that no one, including Dillon, coerced him into accepting the plea deal or promised him anything other than what was in the plea agreement.

In contrast to those specific, sworn statements, Movant's § 2255 motion (and supporting brief) contains only a conclusory allegation that Dillon was ineffective for not preserving Movant's right to appeal. That conclusory allegation cannot overcome the strong weight afforded Movant's sworn testimony regarding the plea agreement and appeal waiver. *See United States v. Lemaster*, 403 F.3d 216, 221–222 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). The conclusory allegation does not establish ineffective assistance of counsel. It is clear from the record that the appeal waiver is enforceable and bars Movant's challenge to his sentence.

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [198] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action number 1:17-cv-2803-SCJ-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has

8

not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 31 day of July , 2017.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

9