IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLEN PARHAM, | : | PRISONER § 2255 MOTION |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:14-CR-106-SCJ-LTW-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:17-CV-2803-SCJ-LTW |

## **ORDER**

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his prison sentence. (Doc. 198 in 1:14-cr-106-SCJ-LTW.) Magistrate Judge Walker screened the motion as required by Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts. (Doc. 199.) Judge Walker issued a Report and Recommendation ("R&R") that the motion be dismissed because the appeal waiver in the plea agreement that Movant negotiated with Respondent bars him from pursuing relief under § 2255. (*Id.*) Movant filed objections to the R&R. (Doc. 201.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).

Those portions of the R&R for which there is no objection are reviewed only for clear error. *See* Fed. R. Civ. P. 72(b)(3).

The R&R described the appeal waiver in Movant's plea agreement – which includes waiver of "motions filed pursuant to 28 U.S.C. § 2255" – and the discussion of the appeal waiver at the plea hearing by the Court, Movant, and Respondent's counsel. (Doc. 199 at 1-2, 5-7.) The R&R also discussed the law governing the enforceability of appeal waivers. (*Id.* at 3-4.) Movant does not dispute the terms of the appeal waiver or the applicable law. (*See* Docs. 198, 198-1, 201.)

In fact, Movant knew when he filed his § 2255 motion that the appeal waiver was an obstacle in his path. His direct appeal was dismissed because of the appeal waiver. (Doc. 191; Doc. 198-1 at 2.) When he later prepared his brief in support of his § 2255 motion, Movant discussed the law governing appeal waivers and how to avoid them. (Doc. 198-1 at 3-5.)

The primary way to avoid a waiver is to show that one did not agree to the waiver voluntarily or with full knowledge of its consequences because of the ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x 970, 974 (11th Cir. 2007) (holding that appeal waiver did not bar § 2255 movant's claim that "explicitly challenge[d] the validity of his guilty plea" on the basis of ineffective

assistance of counsel). Movant learned that law and made that very argument – that his appeal waiver was the product of ineffective assistance of counsel – in his § 2255 motion. (Docs. 198, 198-1.)

Despite researching the law on avoiding appeal waivers and including that law in his § 2255 motion, Movant did not include what he did not need to research: the facts supporting his claim that it was his lawyer's ineffectiveness that caused him to do what he now says he did not want to do – agree to the appeal waiver. In his § 2255 motion and supporting brief, Movant said only the following about counsel's alleged ineffectiveness:

> [C]ounsel proved to be ineffective assistance [sic] in the critical stages of plea negotiations by not preserving [Movant's] right to appeal.
> . . . .
> Even though this Court may find that [Movant] "knowingly and voluntary" [sic] waived his right to appeal[,] such a waiver does not preclude [Movant] from pursuing his right to challenge "ineffective assistance" of counsel . . . in contrast to the United [S]tates Constitution and Sixth Amendment.
> . . . .
> [T]here are many ways in which an agreement or accepting an agreement, could be entered into without the requisite [] "knowledge of voluntariness". Especially agreements that are entered into upon the advise [sic] of "ineffective assistance" of counsel's undo [sic] coercion to get his client to agree to such a waiver of right. [Movant] may have waived his appeal right. However[,] such a waiver is not enforceable based on his counsel['s] deficient performance causing him prejudice to the out come of his case.

3

AO 72A
(Rev.8/82)

> . . . .
> [D]ue to having ineffective assisatance [sic] of counel's [sic] bad advise [sic] of leaving an appeal waiver included in the plea agreement precluded an appeal (direct appeal), challenging this matter.

(Doc. 198-1 at 3-4 (citation omitted).) Movant did not identify his counsel's alleged "deficient performance," the bad "advi[c]e" his counsel allegedly gave him, or any discussions he had with his counsel about the plea agreement or appeal waiver. (Docs. 198, 198-1.)

Judge Walker correctly found that "Movant's conclusory assertion that his appeal waiver is not valid because of unspecified errors by his lawyer is refuted by his execution of the plea agreement and his sworn statements at the plea hearing." (Doc. 199 at 5.) Judge Walker also correctly found that Movant's "conclusory allegation does not establish ineffective assistance of counsel" and "cannot overcome the strong weight afforded [his] sworn testimony regarding the plea agreement and appeal waiver." (*Id.* at 8.) Movant's testimony included unequivocal statements "that he understood the appeal waiver, he voluntarily agreed to it of his own free will, and that no one, including [his lawyer], coerced him into accepting the plea deal or promised him anything other than what was in the plea agreement." (*Id.* at 7-8.) Based on those

4

findings, Judge Walker correctly recommended that the appeal waiver barred Movant's challenge to his sentence. (*Id.*)

After reading in the R&R that he failed to offer any facts in support of his conclusory ineffective assistance claim, Movant decided to offer some facts. (Doc. 201.) In his objections to the R&R, Movant alleged – for the first time – the following:

> [C]ounsel improperly advised [Movant] about the appeal waiver being left in the plea agreement as being "standard" and [that] "all" plea agreements have such waivers and would not effect [sic] him in raising argument about his sentence "regardless" of what the court may say druing [sic] sentencing about such waiver and to further "ignore" anything the plea agreement may contain about the waiver. [Movant] instructed his counsel that he wanted the waiver stricken from the agreement prior to cousenl [sic] improperly advocating on his behalf during the plea negotiations and sentencing. Counsel had misled [Movant] and because of this discpetion [sic] he followed his counsel's advice by his admission of waiving his right "Unknowingly" during the courts inquiry during sentencing.
> . . . .
> [Movant's] counsel mislead him and further improperly advised him about the [waiver] . . . .

(*Id.* at 2.)[1] Movant stated that Judge Walker "over look[ed] the facts of the merits raised" and that he asserted the facts quoted above "in his [§ 2255] motion," but that

---

[1] The Court presumes that Movant's references to "sentencing" in the quoted text actually refer to the hearing at which Movant pled guilty because the appeal waiver was discussed at that hearing.

5

is incorrect.[2] (*Id.*) None of the alleged facts quoted above appear in either Movant's § 2255 motion or the brief he filed in support of the motion. (Docs. 198, 198-1.)

District courts have "broad discretion in reviewing a magistrate judge's report and recommendation," including discretion to decline to consider evidence or arguments that were not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). "To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000); *see Williams*, 557 F.3d at 1292 (citing *Howell* with approval); *Howell v. White*, No. 1:13-CV-1161-ODE, 2015 WL 13424503, at *2 (N.D. Ga. Aug. 11, 2015) ("To the extent that Mr. Howell has included in his Objections new 'facts' and an exhibit that he never previously proffered, the Court declines to consider them."); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in

---

[2] Movant did not cite any portion of his § 2255 filings in support of those assertions.

6

refusing to allow supplementation of the record upon the district court's de novo review."); *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) (holding that district court did not abuse its discretion in refusing to consider evidence presented only after R&R issued).

Movant's failure "to include information in his initial [§ 2255] motion that was readily available and certainly pertinent to his motion . . . is patently unacceptable." *See Howell*, 231 F.3d at 623 ("Because [the federal prisoner] neglected to present any facts to the magistrate judge and failed to adequately explain this deficiency, the district court did not abuse its discretion [in declining to consider the prisoner's new factual allegations]."). That is especially so given that Movant anticipated the appeal waiver issue and addressed it in his § 2255 motion by arguing that the waiver did not bar his sentencing claim because the waiver was the product of ineffective assistance of counsel. (Doc. 198-1.) Movant even cited the relevant law regarding appeal waivers that are the product of ineffective assistance of counsel. (*Id.*)

But Movant offered facts in support of his ineffective assistance claim only after Judge Walker recommended that the § 2255 motion be dismissed for his failure to offer any such facts. And even then, Movant did not explain why he did not offer any facts earlier despite asserting from the outset that his counsel was ineffective. Given

7

those circumstances, the Court, in the exercise of its discretion, declines to consider the alleged facts Movant presented only in his objections to the R&R.

Accordingly, the Court **OVERRULES** Movant's objections [201] and **ADOPTS** the R&R [199] as the opinion of the Court. Movant's § 2255 motion [198] is **DISMISSED**, and a certificate of appealability is **DENIED**. Civil action number 1:17-cv-2803-SCJ-LTW is **DISMISSED**.

**SO ORDERED** this 28th day of August, 2017.

s/Steve C. Jones<br>
STEVE C. JONES<br>
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)