IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLEN PARHAM,<br>　　Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | : | CRIMINAL ACTION NO.<br>1:14-cr-0106-SCJ-LTW-3 |
| UNITED SATES OF AMERICA,<br>　　Respondent. | : | CIVIL ACTION NO.<br>1:17-CV-2803-SCJ-LTW |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Allen Parham's *pro se* motion under 28 U.S.C. § 2255 and supporting memorandum (Docs. 198; 198-1)[1], the government's response (Doc. 216), and Parham's reply (Doc. 220). For the reasons that follow, the undersigned **RECOMMENDS** that Parham's § 2255 motion be **DENIED**.

## I.     Procedural History

A federal grand jury in the Northern District of Georgia returned an indictment against Parham charging him with one count of bank fraud conspiracy and four counts of bank fraud. (Doc. 1.) Represented by court appointed counsel

---

[1] All citations to the record are to 1:14-CR-106-SCJ-LTW-3.

William D. Dillon, Parham pled guilty to bank fraud conspiracy, pursuant to a negotiated plea agreement in which the government agreed to dismiss the four counts of bank fraud. (Doc. 32-1.) The plea agreement included an appeal waiver provision, which provided that Parham

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Parham] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court.

(*Id.* at 16.)  Parham acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding" and that no one had "threatened or forced me to plead guilty" or made any "promises or inducements . . . other than those discussed in the Plea Agreement." (*Id.* at 18.) Parham also affirmed that he was "fully satisfied with the representation provided to me by my attorney in this case." (*Id.*)

At the beginning of the plea hearing, Parham acknowledged the written agreement and that he had signed it. (Doc. 216-1 at 3.) The Court explained to Parham the rights he was giving up in pleading guilty, and Parham stated that he understood and was willing to give up those rights. (*Id.* at 5-8.) Parham admitted

2

that he had no problem reviewing the plea agreement with his attorney, that no one had threatened or forced him to plead guilty, and that he was "freely and voluntarily" pleading guilty. (*Id.* at 5, 8.) The prosecutor summarized the terms of the plea agreement and read the full text of the appeal waiver, and Parham agreed with the prosecutor's description of the plea agreement. (*Id.* at 8-12.)

Parham acknowledged that no one had threatened or forced him to plead guilty, promised him anything not contained in the plea agreement, promised him a particular sentence, or told him not to tell the complete truth. (*Id.* at 12.) Dillon told the Court that he had not made any promises to Parham about his sentence and was not aware of any agreements or promises, other than those contained in the plea agreement, to induce Parham to plead guilty. (*Id.* at 14.) Parham did not contest Dillon's statements and told the Court that he had sufficient time to think about and discuss the case with Dillon before pleading guilty and that he was satisfied with his Dillon's representation. (*Id.* at 14-15.)

Next, the Court discussed the appeal waiver with Parham:

[THE COURT:] Do you also understand that under certain circumstances you . . . may have the right to appeal any sentence that I may impose?

[PARHAM:] Yes, sir.

3

> [THE COURT:] Do you understand that as part of your plea agreement you are giving up your right to appeal your sentence unless there is an upward departure or upward variance from the guidelines or an appeal by the government?
>
> [PARHAM:] Yes, sir.
>
> [THE COURT:] Do you also understand you are giving up your right to collaterally attack your conviction and sentence in any post-conviction proceeding?
>
> [PARHAM:] Yes, sir.
>
> [THE COURT:] Has anyone used any force or threat of force to get you to give up your right to appeal your sentence and conviction?
>
> [PARHAM]: No, sir.
>
> [THE COURT:] Other than the plea agreement has anyone made a promise to you that caused you to give up your right to appeal your sentence or conviction?
>
> [PARHAM]: No, sir.
>
> [THE COURT:] Are you giving up your right to appeal freely and voluntarily?
>
> [PARHAM]: Yes, sir.

(*Id.* at 17-18.)   Parham agreed with the prosecutor's description of what the evidence would show if the case went to trial and admitted that he was guilty. (*Id.* at 21.)  Next, the following exchange occurred:

> [THE COURT:] Is there anything the Court has said or any of the questions that I have asked you that you wish me to clarify?

4

> [PARHAM:] No.
>
> [THE COURT:] Is there anything that your attorney has said today you disagree with?
>
> [PARHAM:] No, sir.

(*Id.* at 21-22.) The Court accepted Parham's plea, finding that Parham understood "the consequences of his plea of guilty," that the plea was "free of any coercive influence of any kind," and that the plea was "voluntarily made with full knowledge of the charge against him and the consequences of his plea." (*Id.* at 22.)

At the sentencing hearing, Dillon objected and argued extensively that Parham should receive an offense level reduction for his minor role in the offense, but the Court overruled the objection. (Doc. 179 at 4-7, 11.) The Court determined that Parham's guideline range was sixty-three to seventy-eight months of imprisonment and sentenced him to seventy-eight months. (*Id.* at 29, 31; Doc. 135.) Parham filed an appeal, but later dismissed it. (Docs. 145; 191.)

Parham timely filed this §2255 motion, arguing that he was entitled to a minor role reduction based on an amendment to the sentencing guidelines and that Dillon provided him ineffective assistance by not arguing that Parham should receive that adjustment and by not preserving Parham's right to appeal. (Doc. 198 at 4-5; Doc. 198-1 at 3-6.) The undersigned issued a Final Report and

Recommendation ("R&R"), finding that the motion should be dismissed based on the valid appeal waiver and that Parham's conclusory allegation that Dillon was ineffective for not preserving his right to appeal could not "overcome the strong weight afforded [his] sworn testimony regarding the plea agreement and appeal waiver." (Doc. 199.) Parham objected, stating that when he told Dillon that he wanted the appeal waiver struck from the plea agreement, Dillon responded that the waiver was "standard" to all plea agreements and would not actually restrict his ability to appeal his conviction and sentence. (Doc. 201 at 2.) The Court declined to consider the new facts presented in Parham's objections, adopted the R&R over those objections, and dismissed this § 2255 motion. (Doc. 202.) The United States Court of Appeals for the Eleventh Circuit vacated the *sua sponte* dismissal of Parham's § 2255 motion because this Court did not first ask the government whether it intended to rely on the waiver or give Parham an opportunity to respond and be heard on the issue. (Doc. 213.)

The government now responds that Parham's claims are barred by the valid appeal waiver and further lack merit. (Doc. 216.) In his reply, Parham erroneously contends that the appeal waiver provision of his plea agreement included an exception for ineffective assistance of counsel claims. (Doc. 220 at 2.) However, the only exceptions to the appeal waiver provision were an upward departure or

upward variance from the guidelines or an appeal by the government, neither of which apply in this case. (Doc. 32-1 at 16; Doc. 216-1 at 17.)

## II.   Discussion

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted).

> [F]or a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."

*Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). A valid appeal waiver, entered into freely and voluntarily, pursuant to a negotiated plea agreement, precludes the defendant from challenging the Court's determinations at sentencing, *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), and from attacking his sentence through a claim of ineffective assistance of counsel at sentencing, *Williams*, 396 F.3d at 1342. Although an appeal waiver provision does not bar a defendant's claim that the plea was invalid due to ineffective assistance of counsel, the Court may deny the claim without a hearing where the plea colloquy belies the defendant's allegations. *Patel v. United States*,

7

252 F. App'x 970, 974-75 (11th Cir. 2007) (per curiam). The United States Supreme Court has held that

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Parham signed the plea agreement confirming that he understood the waiver provision, had discussed it with Dillon, and was voluntarily agreeing to its terms without threat, force, or other inducement. (Doc. 32-1 at 18; Doc. 216-1 at 3.) During the plea colloquy, the Court specifically questioned Parham about the appeal waiver, and it is clear that he understood the full significance of the waiver. (Doc. 216-1 at 17-18.) Parham's after-the-fact assertion that Dillon told him that the waiver was "standard" and would not affect his ability to challenge his sentence is flatly contradicted by his sworn testimony during the plea colloquy. (*Id.* at 12, 17-18.) Parham has not met his "heavy burden" to show that the statements he made during his plea colloquy were false. *See Patel*, 252 F. App'x at 975 (holding that self-serving allegations in § 2255 motion were insufficient to rebut the

presumption that statements made during plea colloquy were true and correct). Accordingly, the undersigned finds that Parham voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. Thus, Parham's §2255 motion is barred by his valid appeal waiver. *Bascomb*, 451 F.3d at 1294; *Williams*, 396 F.3d at 1342; *Weaver*, 275 F.3d at 1333.

### III.  Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because Parham cannot show that reasonable jurists could debate that his grounds for relief are barred by his valid appeal waiver.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Parham's § 2255 motion [198] and a COA be **DENIED** and that civil action number 1:17-CV-2803-SCJ-LTW be **DISMISSED**.

**SO RECOMMENDED**, this 3 day of April, 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE